**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0125-16T1

RICHARD KLEIN and VICKI
KLEIN,

    Plaintiffs-Appellants,

v.

FRANKLIN MUTUAL
INSURANCE COMPANY,

    Defendant/Third-Party
    Plaintiff-Respondent,

v.

CHRIS DEBROCK and LAURA
DEBROCK,

    Third-Party Defendants.

_____

        Submitted September 27, 2017 — Decided October 23, 2017

        Before Judges Nugent and Currier.

        On appeal from the Superior Court of New
        Jersey, Law Division, Morris County, Docket
        No. L-3099-14.

        Gallant, Parlow, Lang & Bergstralh, PC,
        attorneys for appellants (David S. Bergstralh,
        on the brief).

Sweet Pasquarelli, PC, attorneys for respondent (Anthony P. Pasquarelli, of counsel; Kenneth C. Ho, on the brief).

PER CURIAM

Plaintiffs Richard and Vicki Klein appeal from the July 26, 2016 order granting defendant Franklin Mutual Insurance Company's (FMI) motion for summary judgment. After a review of the contentions in light of the record and applicable legal principles, we affirm.

In the winter of 2014, plaintiffs noticed that their in-ground pool cover appeared lower than usual and they filed a claim for damage to the pool under their homeowners insurance policy issued by FMI. After the snow and ice melted off the pool cover, plaintiffs stated that they observed a branch in the pool and noticed tears in the pool cover and the vinyl pool lining. Plaintiffs also reported that the pool walls were bowing inward.

At depositions, plaintiffs surmised that the damage was caused when a rotted tree branch fell from a neighbor's property into the pool. Neither plaintiff had observed this event.

In support of their claim, plaintiffs retained a public adjuster, Thomas Brett Jr., who opined in a one-paragraph letter that wind had caused a tree branch to fall, which had punctured the pool cover and vinyl lining. He stated:

> This puncturing lead to the draining of the pool, which negated the counteracting lateral water pressure and thus the lateral earth pressure buckled the main wall of the pool. Therefore even though lateral earth pressure eventually buckled the pool wall it was the sudden and accidental event of the wind displacing a tree branch that started the chain of events and therefore the damage to the pool should be a covered claim.

To investigate the claim, FMI retained an engineer, Craig Moskowitz, MBA, MS, PE, who inspected the pool and observed several bowed walls and corroded metal connection bars. He also noted that the pool stairs were not level. Moskowitz opined that the bowed wall was "caused by weakening support connections and differential movement of the ground/soil adjacent to such wall. The bowing of such wall most likely occurred over a period of the past 5-10 years based on my observations of the in-ground pool in its entirety."

FMI denied plaintiffs' claim, asserting that the alleged damage fell within the "wear and tear" exclusion of their homeowners policy. Plaintiffs thereafter instituted suit alleging that FMI improperly denied their insurance claim.

Upon motion of FMI, the trial judge barred the expert report of Brett, finding it to be an impermissible net opinion.[1] Both parties subsequently moved for summary judgment. In a written

---

[1] Plaintiffs do not appeal from this order.

A-0125-16T1

decision of July 26, 2016, Judge Stuart A. Minkowitz noted that it was the insurer's burden to demonstrate that the claim fell within an exclusion in the policy to disclaim coverage. The judge found Moskowitz's report satisfied FMI's burden as the engineer had provided "plausible evidence that the damage to the pool was caused by wear and tear over a five to ten-year period." Judge Minkowitz stated that the expert evidence satisfied the wear and tear exclusion in the policy.

Additionally, the judge further noted that plaintiffs had failed to present any evidence to dispute Moskowitz's expert opinion. Their proposal that a tree branch had fallen into the water, tearing the liner and causing an imbalance resulting in a compromise to the integrity of the pool walls, was speculative. The judge found expert testimony was required to assist a jury in understanding this matter, and without an expert opinion, plaintiffs could not prove the proximate cause of the pool damage. The judge granted summary judgment in favor of FMI.

Plaintiffs argue on appeal that the trial judge erred in determining that they were required to prove causation for the claimed damages, and in accepting the defense expert's opinion, as it is the jury's province alone to assess the credibility of witnesses.

A-0125-16T1

We conduct a de novo review, applying the same standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995). Rather, to defeat summary judgment, the non-moving party must bring forth "evidence that creates a 'genuine issue as to any material fact challenged.'" Brill, supra, 142 N.J. at 529 (quoting R. 4:46-2).

After reviewing the record, we conclude that Judge Minkowitz's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable. We, therefore, affirm substantially for the reasons expressed in his well-reasoned opinion, and add the following brief comments.

It is well established that insurance policy exclusions are narrowly construed and "the burden is on the insurer to bring the case within the exclusion." Princeton Ins. Co. v. Chunmuang, 151 N.J. 80, 95 (1997); see S.T. Hudson Eng'rs, Inc. v. Pa. Nat'l Mut.

Cas. Co., 388 N.J. Super. 592, 603-04 (App. Div. 2006), certif. denied, 189 N.J. 647 (2007).

Here, FMI presented expert evidence that the claimed damage to the pool occurred over the course of five to ten years. Defendant's unrebutted expert opinion regarding the damage to the pool satisfied the "wear and tear" exclusion of the policy. Plaintiffs did not contradict this evidence, other than by presenting an unsupported theory of how the damage might have occurred. There was no issue of fact before the trial judge. The grant of summary judgment to FMI is supported by the evidence in the record.

We find the remainder of plaintiffs' arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0125-16T1